STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**03-1172**


**NICOLE WHITE, ET AL.**

**VERSUS**

**RAPIDES PARISH SCHOOL BOARD, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 203,887
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**ARTHUR J. PLANCHARD**


\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Arthur J. Planchard[*], Judges.

**REVERSED AND REMANDED.**


**David D. Lind**
**Attorney at Law**
**1024 Eighth St.**
**Alexandria, LA 71301**
**Counsel for Plaintiff/Appellant:**
    **Nicole White**

---

[*]**Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.**

**Peggy Dean St.John**
**Attorney at Law**
**P. O. Box 6118**
**Alexandria, LA 71409**
**Counsel for Defendant/Appellee:**
        **Phyllis Fulton**
        **James M. Passman**

**Walker, Passman & Michiels**
**P. O. Box 13020**
**Alexandria, LA 71315**
**Counsel for Defendant/Appellee:**
        **Rapides Parish School Board**

**H. Bradford Calvit**
**Attorney at Law**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**Counsel for Defendant/Appellee:**
        **City of Alexandria**

**William Francis Henderson**
**Attorney at Law**
**P. O. Box 12956**
**Alexandria, LA 71315-2956**
**Counsel for Defendant/Appellee:**
        **Lynton O. Hester III**

PLANCHARD, Judge[**].

Plaintiff, Nicole White, individually and on behalf of her minor son, Plaintiff, William R. Shepherd, appeals a judgment of the trial court granting a motion for summary judgment filed by Defendant, the Rapides Parish School Board, dismissing Plaintiffs' claims at their cost. We reverse the judgment of the trial court and remand the case for further proceedings.

**FACTS**

On April 12, 2000, William R. Shepherd rode his sister's bicycle to school at the South Alexandria Sixth Grade Center. He parked the bicycle and went to his classes. Another student, Melissa Hester, had a similar bicycle stolen some time earlier. Upon arriving at school, Melissa saw the bicycle William rode to school and believed it to be hers. She reported her suspicion to the school authorities and received permission to make a closer inspection of the bicycle to try to confirm her suspicion. After a close inspection, she reported she found "scratch marks that looked like those" on her bicycle, and believed the bicycle to be hers. The principal then had the guidance counselor call the police.

Subsequently, William Shepherd, then 13 years old, was taken to the principal's office at school. It is alleged that he was neither advised of why he was being questioned nor of any of his constitutional rights, nor was he allowed to contact his mother. He was questioned by police, handcuffed, and taken away in a police car. He was seen by other students being taken away in handcuffs. Following a subsequent investigation, it was determined that the bike belonged to Shepherd, not the other child.

---

[**] Judge Arthur J. Planchard, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

1

White, on her own behalf and on behalf of her son, Shepherd, sued the Rapides Parish School Board, the Alexandria Police Department, the parents of the other child, and their various insurers. The parents of the other child were dismissed from the suit.

Following dismissal of Melissa's parents, the Rapides Parish School Board filed its own motion for summary judgment asserting it was protected from suit by discretionary immunity under La.R.S. 9:2798.1. The trial judge granted the School Board's motion and Plaintiffs appealed.

**LAW AND DISCUSSION**

Before us is the trial court's grant of a motion for summary judgment filed by the School Board asserting its discretionary immunity under La.R.S. 9:2798.1.

The Plaintiffs appeal asserting as error that the trial court erred in finding that the school board was immune from liability arising from its discretionary acts, because:

1) The school board is not a branch or department of the state as required by the statute, and

2) Even if the statute is applicable to school boards, it is not applicable to "acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless or flagrant misconduct" such as those by the school towards Shepherd.

Fist, the immunity afforded by La.R.S. 9:2798.1 applies to *political subdivisions* and boards of the State. Louisiana Revised Statute 13:5102 (B) (emphasis ours) states: "As the term is used in this Part, *'political subdivision' means any* parish, municipality, special district, *school board*, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency." Clearly, the Rapides Parish School Board qualifies as a political subdivision of the State.

2

We now turn our attention to the more weighty question, whether under the facts of this case, the trial judge was correct in finding that there were no issues of disputed fact and that the School Board was entitled to summary judgment as a matter of law.

Recently, in *Thiels v. American Int'l. S. Ins. Co.*, 03-774, 775, 776,777, p. _ (La.App. 3 Cir. 12/10/03), ___ So.2d ____, this court reviewed the standard of appellate review of summary judgments stating as follows:

> In Louisiana, summary judgment is now favored and it shall be used to secure the just, speedy, and inexpensive determination of all actions, except those specifically excluded in La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). A summary judgment shall be rendered if the pleadings, depositions, interrogatory responses, and admissions, together with any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Material facts are those that have the potential to insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of a legal dispute. *Rambo v. Walker*, 96-2538 (La.App. 1 Cir. 11/7/97), 704 So.2d 30. Appellate courts review summary judgments de novo applying the same criteria as the trial court to determine whether summary judgment is appropriate. *Schroeder v. Bd. of Sup'rs*, 591 So.2d 342 (La.1991). Accordingly, we undertake a de novo review of the matter at bar.
>
> The party moving for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. Any doubt as to whether the moving party has met that burden should be resolved against granting the motion. *Bradford v. Louisiana Downs, Inc.*, 606 So.2d 1370 (La.App. 2 Cir.1992). The likelihood that a party will prevail on the merits does not constitute a basis for granting a motion for summary judgment. *Claiborne v. Conagra, Inc.*, 96-482 (La.App. 3 Cir. 10/30/96), 682 So.2d 851.

In the case sub judice, the School Board claims immunity from suit under the provisions of La.R.S. 9:2798.1; and alternatively, that "even without the immunity provided by La.R.S. 9:2798.1," it is entitled to summary judgment.

Louisiana Revised Statute 9:2798.1, titled "Policymaking or discretionary acts or omissions of public entities or their officers or employees," states the following (emphasis ours):

3

A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and *political subdivisions* and the departments, offices, agencies, *boards*, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. *The provisions of Subsection B of this Section are not applicable*:

(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

(2) *To acts or omissions which constitute* criminal, fraudulent, *malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.*

D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.

In *Misuraca v. City of Kenner*, 01-707, p.7 (La.App. 5 Cir. 11/14/01), 802 So.2d 784, 789, our brethren of the fifth circuit observed as follows:

In *Cormier v. T.H.E. Ins. Co.*, 98-2208 (La. 09/08/99), 745 So.2d 1, the Louisiana Supreme Court explained the Discretionary Immunity doctrine as follows:

Generally, 'Discretionary Immunity' under La.Rev.Stat. 9:2798.1 applies to specific fact situations which satisfy the rule enunciated in *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Under *Berkovitz*, the court must first consider whether the government employee had an element of choice and his course of action was not specifically prescribed by the statute, regulation, or policy. Conduct cannot be discretionary unless it involves an element of judgment or choice. 108 S.Ct. at 1958. Thus, discretionary immunity will not apply when a specific course of action is prescribed as the employee has no rightful option but to adhere to the

4

directive. *Id.* On the other hand, when discretion is involved, the court must then determine whether that discretion is the kind shielded by the exception: one grounded in social, economic, or political activity. If it is, then the doctrine applies and the employee or agency is insulated from liability; if it is not, the employee or agency is liable for any negligence.

*Id.* at 6-7.

In brief, the School Board argues that the actions of the Board's employees at the South Alexandria Sixth Grade Center clearly fall within the purview of *Berkovitz*. The Supreme Court, in *Berkovitz*, explained:

> The exception relevant to this case provides that no liability shall lie for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, *whether or not the discretion involved be abused.*" 28 U.S.C. § 2680(a).

*Berkovitz*, 108 S.Ct. at 1958 (emphasis ours).

However, the immunity conferred by La.R.S. 9:2798.1 is not as broad as that conferred by 28 U.S.C. § 2680(a). Section (C)(2) of La.R.S. 9:2798.1 specifically exempts from immunity "acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct." Therefore, there is a material issue of disputed fact to be resolved: Did the actions of the Board's employees constitute "malicious, intentional, willful, outrageous, reckless, or flagrant misconduct?"

Alternatively, the Board argues that under the duty-risk analysis Plaintiffs cannot prove it is liable.

> Under the duty-risk analysis, plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached. *Berry v. State, Through Department of Health and Human Resources*, 93-2748 (La.5/23/94), 637 So.2d 412,

5

414. Whether a duty is owed is a question of law. *Id.* The inquiry is whether the plaintiff has any law--statutory, jurisprudential, or arising from general principles of fault--to support his claim. *Id.* Governmental agencies in the performance of governmental functions may be subjected to the imposition of certain duties, the breach of which may result in liability for damages to those injured by a risk contemplated by that duty. *Id.* The determination of whether a particular duty should be imposed on a particular governmental agency is a policy question. *Id.* It is our role to determine whether there is any jurisprudential or statutory rule or policy reason why, under the facts and circumstances of this case, [the Board] . . . would owe a duty to plaintiff to compensate her for her [her son's injuries] . . . . *Id.*

*Misuraca*, 802 So.2d at 789-90.

We find the School Board and its employees had the duty to act reasonably under the circumstances. We make no determination as to how they acted or if they breached the duty, that remains a factual issue to be determined by the trier of fact.

Accordingly, we find there remains disputed issues of material fact which preclude the rendering of summary judgment. We reverse the judgment of the trial court and remand the case for further proceedings. Costs of this appeal are assessed against Appellant, the Rapides Parish School Board.

**REVERSED AND REMANDED.**