STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1569

IRENE AND LOUIS CASTILLE

VERSUS

LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20035328
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Marc T. Amy, Judges.

AFFIRMED.

James J. Davidson, III
Bryan E. Lege
Davidson, Meaux, Sonnier, & McElligott
P. O. Drawer 2908
Lafayette, LA 70502
Telephone:  (337) 237-1660
COUNSEL FOR:
    Defendant/Appellee - Lafayette City-Parish Consolidated Government

Jeffery F. Speer
Julian Louis Gibbens, III
Jason E. Fontenot
Doucet & Speer
P. O. Box 4303
Lafayette, LA 70502-4303
Telephone:  (337) 232-0405
COUNSEL FOR:
    Plaintiffs/Appellants- Louis Castille and Irene Castille

THIBODEAUX, Chief Judge.

In this summary judgment proceeding, plaintiffs, Irene and Louis Castille, appeal the trial court's grant of summary judgment in favor of the defendant, Lafayette City-Parish Consolidated Government (hereinafter the "City"). Mr. and Mrs. Castille were injured while making a turn at an intersection. Their view of oncoming traffic was obstructed by debris placed by City employees during their cleanup efforts after a hurricane had struck the area. They believed the City's failure to remove the debris caused their accident and sued to recover damages for their injuries. Because La.R.S. 29:735(A) immunizes the City from liability for injuries or damages sustained by citizens as a result of the City's emergency preparedness activities, we affirm the trial court's decision to grant the defendant's motion.

I.

## ISSUE

We must decide whether the immunity provision of the Louisiana Homeland Security and Emergency Assistance and Disaster Act absolves the City of responsibility for damages and injuries caused when its employees put debris from a hurricane in an intersection, resulting in an accident. If the Act does apply, we need not consider the Castilles' assertion that the conduct of the City rises to willful misconduct, triggering the exception to immunity.

II.

## FACTS

Hurricane Lili struck Lafayette on October 3, 2002. Governor Mike Foster declared a state of emergency for Louisiana; Walter Comeaux, Lafayette's City-Parish president, issued a declaration of emergency for the local area as well.

1

As a result of the weather, roads were littered with fallen trees and other debris. In particular, one large tree had fallen in the intersection of Louisiana Avenue and Webb Street, near the home of John and Kathy Landry. The City began efforts to remove the debris. On October 3, City employees removed the tree from the intersection and placed it on the Landrys' property, which is located at the intersection. Mr. and Mrs. Landry objected to the placement of the debris, and pointed out to the workers that the debris on their property was piled high enough to obstruct the view of motorists at the intersection. They also complained to the Lafayette Police Department. Nevertheless, City road crews did not move the debris.

On October 5, Irene and Louis Castille attempted to make a left turn from Webb Street onto Louisiana Avenue. Their car collided with a car driven by Chad Savoy and Wendy Douglas. The Castilles filed a petition for damages against the City for injuries sustained during the accident, alleging that City employees' negligent placement of the debris by the intersection caused their accident by impeding their view of oncoming traffic. The City filed a motion for summary judgment, arguing that the Louisiana Homeland Security and Emergency Assistance and Disaster Act immunized the City from liability for injuries to persons and property sustained during their emergency preparedness activities. The trial court agreed that immunity exempted the City from liability and granted the motion. The Castilles appeal, arguing that the statute voids immunity for actions involving willful misconduct and that issues of material fact exist regarding whether the City's actions amounted to such conduct.

2

## LAW AND DISCUSSION

The Louisiana Homeland Security and Emergency Assistance and Disaster Act, La.R.S. 29:721–:737, governs the state's response to an emergency, whether natural or man-made. Paragraph 1 of Section 723 identifying disasters triggering application of the Act specifically includes hurricanes as disasters. Hurricane Lili struck the Lafayette area on October 3, 2002. Both the governor and the Lafayette City-Parish president declared a state of emergency for the area. This was clearly an emergency situation. Paragraph 3 of Section 723 further explains that "emergency preparedness" activities covered by the Act include "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." The City sent its employees out during and after the hurricane specifically for the purpose of facilitating the recovery effort. This effort required clearing roadways of debris deposited by the hurricane to allow emergency vehicles to pass. The City employees moving the debris blocking Louisiana Avenue, therefore, were involved in emergency preparedness activities. The Act thus applies to this case.

The Act includes a provision immunizing state government entities and their employees from liability for damages resulting from emergency preparedness activities. The provision voids the immunity privilege for individual employees who have engaged in willful misconduct: "Neither the state nor any political subdivision thereof . . . nor, except in case of willful misconduct, the agents' employees . . . engaged in any . . . emergency preparedness activities . . . shall be liable for the death of or injury to persons, or damage to property, as a result of such activity." La.R.S. 29:735(A). The Lafayette City-Parish Consolidated Government is clearly a political subdivision of the state, so that it is immunized from liability for injuries suffered by

persons as a result of the City's response and recovery activities during an emergency. The Castilles claim their injuries resulted from relocation of debris as a part of the City's cleanup activities after Hurricane Lili. The City, however, is immune from liability for their injuries under the Act.

The Act contains an exception for willful misconduct, so that City employees engaging in willful misconduct do not enjoy the protections of the Act. The Castilles argue that this exception applies to the City. They assert that because the Landrys conveyed their concerns about the effect of the placement of debris on visibility in the road to both the City workers moving the debris and the Lafayette Police Department, the City was on notice of the hazard. They insist that the City's placement and subsequent failure to remove the debris, despite notice of the hazard, constituted willful misconduct voiding the immunity conferred by the Act.

The City argues that the immunity provided to a political subdivision such as the Lafayette City-Parish Consolidated Government is not subject to the willful misconduct exception. The limiting phrase "except in case of willful misconduct" refers only to employees or agents, not to a political subdivision. If the legislature had intended that phrase to apply to political subdivisions, as well as to individual employees, it would have inserted that phrase at the beginning or end of the sentence, rather than in the middle. A survey of other states' comparable immunity provisions in their emergency management statutes shows almost identical language in the majority of states. For example, Kansas's Emergency Preparedness Act § 48-915(b) states:

> Whenever a proclamation is issued declaring a state of disaster emergency . . ., neither the state nor any political subdivision of the state nor, except in cases of willful misconduct, gross negligence or bad faith, the employees, agents, or representatives of the state or any political subdivision thereof . . . shall be liable for the death of or

4

> injury to persons, or for damage to property, as a result of any such activity performed during the existence of such state of disaster emergency. . . .

The largely uniform language suggests that this construction of the statute was a deliberate choice on the part of the legislature. In contrast, Oregon's Emergency Management Services Act § 401.515(1) states:

> During the existence of an emergency, the state and any local government, any agent thereof or emergency service worker engaged in any emergency services activity . . . shall not, except in cases of willful misconduct, gross negligence or bad faith, be liable for the death or injury of any person, or damage or loss of property, as a result of that activity.

This language, as opposed to the previous language, would at least lend credibility to the argument that the exception applies to "the state and any local government," as well as to employees. There is a marked paucity of caselaw interpreting state emergency management statutes.

The Castilles rely on *White v. Rapides Parish School Board*, 03-1172 (La.App. 3 Cir. 3/3/04), 867 So.2d 146, *writ denied*, 04-872 (La. 5/20/04), 874 So.2d 158. This case involves liability of a school board for having a student arrested for stealing a bicycle. The school board claimed it was entitled to immunity under La.R.S. 9:2798.1, which regulates decision-making of public entities and their employees. The Act provides immunity under paragraph B for decisions made in the scope of the employees' duty. The exception for willful misconduct applies to both the public entity and its employees. The language of that statute, however, is very clear:

> B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance [of] . . . their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C.  The provisions of Subsection B of this Section are not applicable:

. . . .

(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful . . . misconduct.

La.R.S. 9:2798.1.

The Castilles have not joined any individual City employees as defendants in their suit.  Their suit is against only the City itself.  Under the Act, the City enjoys immunity from legal responsibility for damages sustained during emergency preparedness activities.  It, therefore, cannot be liable to the Castilles for their injuries in the car accident.

IV.

## CONCLUSION

For the above reasons, the judgment of the trial court is affirmed.  Costs of appeal are assessed to appellants, Irene and Louis Castille.

**AFFIRMED.**

6