982 So.2d 903 (2008)
Herbert FREEMAN, Jr., Individually and in His Capacity as Representative of the Estate of Ethel Freeman
v.
The STATE of Louisiana, Louisiana Department of Transportation and Development, Louisiana Department of Health and Hospitals, Louisiana State University Health Sciences Center, et al.
No. 2007-CA-1555.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 2008.
*905 John Paul Massicot, Frank A. Silvestri, M. Damien Savoie, Anthony L. Marinaro, Silvestri & Massicot, New Orleans, LA, Peter D. Derbes, Law Office Of Peter D. Derbes, New Orleans, LA, for Plaintiff/Appellant.
Penya Moses-Fields, City Attorney, Joseph V. DiRosa, Jr., Chief Deputy City Attorney, Victor L. Papai, Jr., Assistant City Attorney, Heather M. Valliant, Assistant City Attorney, Jacob Martinez, Law Clerk, Jessie Polini, Law Clerk, New Orleans, LA, for the City of New Orleans, Mayor Ray Nagin, Dr. Kevin Stephens and Terry Ebbert.
James D. "Buddy" Caldwell, Attorney General, David G. Sanders, Patricia H. Wilton, Assistant Attorneys General, LA Department of Justice, Litigation Division, Baton Rouge, LA, for the State of Louisiana, State University Health Sciences Center, the Louisiana Division of Administration, Governor's Office of Homeland Security and Emergency Preparedness, Governor Kathleen Blanco, Major General Bennett C. Landreneau, and Dr. John A. Rock.
James d. "Buddy" Caldwell, Attorney General, William M. Hudson, III, Patrick B. McIntire, Special Assistant Attorneys General, Oates & Hudson, Lafayette, LA, Clifton O. Bingham, Jr., Special Assistant Attorney General, Oats & Hudson, Baton Rouge, LA, Michael M. Duran, Sr., Special Assistant Attorney General, Oats & Hudson, New Orleans, LA, for the State of Louisiana, the Department of Transportation and Development and Johnny B. Bradberry, Secretary.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
DAVID S. GORBATY, Judge.
Herbert Freeman, Jr., individually and as representative of the estate of Ethel Freeman, appeals a judgment granting defendants' Exceptions of No Right and No Cause of Action, and dismissed his claims, with prejudice. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Herbert Freeman and his elderly mother, Ethel, did not evacuate before Hurricane Katrina, but rather decided to remain in their New Orleans home to ride out the storm. Because of the breaches of the 17th Street and London Avenue canals, the Freeman home flooded on August 30, 2005. Mr. Freeman secured a boat and loaded his invalid, wheel-chair bound mother onto the boat. As they proceeded to higher ground, they were eventually directed by New Orleans police officers to the Morial Convention Center. Ethel Freeman died at the Convention Center on August 31, 2005.
On August 17, 2006, Mr. Freeman filed suit, individually and on behalf of his deceased *906 mother's estate, against the State of Louisiana; the Louisiana Department of Transportation and Development; the Louisiana Department of Health and Hospitals; the Louisiana State University Health Sciences Center; the Louisiana Department of Social Services; the Louisiana Division of Administration, Governor's Office of Homeland Security and Emergency Preparedness; Major General Bennett C. Landreneaux, Individually and in his Official Capacity as Director of the Louisiana Office of Homeland Security and Emergency Preparedness; Johnny B. Bradberry, Individually and in his Official Capacity as Secretary of the Louisiana Department of Transportation and Development; Dr. Jimmy Guidry, Individually and in his Official Capacity as Medical Director of the Department of Health and Hospitals; Dr. John A. Rock, Individually and in his Official Capacity as Chancellor of Louisiana State University Health Sciences Center; Ann Silverberg Williamson, Individually and in her Official Capacity as Secretary, Louisiana Department of Social Services; the City of New Orleans; Terry J. Ebbert, Individually and in his Official Capacity as Director of the New Orleans Office of Emergency Preparedness; Dr. Kevin Stephens, Sr., Individually and in his Official Capacity as Director of the New Orleans Health Department.
In his First Amended and Supplemental Petition, Mr. Freeman added Governor Kathleen Blanco and Mayor C. Ray Nagin as defendants. He later dismissed, without prejudice, Major General Landreneaux, Johnny B. Bradberry, Dr. John A. Rock and Ann Silverberg Williamson, in their individual capacities, but re-named them as defendants in a Second Amended and Supplemental Petition.
Trial of defendants' exception was held on May 11 and July 25, 2007. A judgment was rendered on September 14, 2007, granting the Exceptions of No Cause of Action and No Right of Action, dismissing plaintiff's claims, with prejudice. Plaintiff timely filed a Motion for New Trial, which was denied ex parte. Concurrent with the filing of the Motion for New Trial, plaintiff filed a motion seeking to amend his petition a third time; however, upon denial of the motion for new trial, the trial court no longer had jurisdiction to allow such an amendment.
ASSIGNMENTS OF ERROR:
Plaintiff makes two assignments of error. First, he argues that the trial court erred in granting defendants' Exceptions of No Cause of Action. Second, he argues that the trial court erred in not allowing him to amend his petition prior to denying his motion for new trial ex parte.
LAW AND ANALYSIS:
A. Exceptions of No Cause of Action
In Industrial Companies, Inc. v. Durbin, 02-0665 (La.1/28/03); 837 So.2d 1207, the Louisiana Supreme Court explained the process by which a court should entertain an exception of no cause of action:
First, [the court] focus[es] on whether the law provides a remedy against the particular defendant in [the] case. The function of the exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, *907 the appellate court . . . should conduct a de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.
02-0665, pp. 6-7, 837 So.2d at 1213.
The original petition in this case seeks wrongful death and survivor's action damages against the various defendants for their failure, individually and collectively, to provide aid to Mr. Freeman and his mother following Hurricane Katrina, which they were obligated to do pursuant to the state's Emergency Operations Plan (EOP). Specifically, the petition alleges that, despite opening the Convention Center as a shelter, there were no medical personnel, triage, food or water at the Convention Center, and there was no transportation available to transport people with medical needs to medical facilities. The petition avers that the defendants were charged with a duty to provide adequate means for evacuation, transportation, shelter and medical care; however, the defendants, through gross negligence and willful misconduct, failed to fulfill their non-discretionary duties under the State's Emergency Operations Plan.
The Second Amended and Supplemental Petition alleges that then-Governor Blanco and Major Landreneaux delayed or "blockaded" aid to the evacuees, specifically by denying the American Red Cross and others permission to provide humanitarian aid. The remaining defendants either agreed or acquiesced in Governor Blanco and Major Landreneaux's decision.
Each of the defendants, through its respective counsel, excepted to plaintiff's petition arguing that the state and local entities are immune from civil liability pursuant to La.Rev.Stat. 29:735, unless willful misconduct can be sufficiently plead and proven.
The Louisiana Homeland Security and Emergency Assistance and Disaster Act (LHSEAD), La.Rev.Stat. 29:721, et seq., was enacted:
[b]ecause of the existing possibility of the occurrence of emergencies and disasters of unprecedented size and destructiveness resulting from terrorist events, enemy attack, sabotage, or other hostile action, or from fire, flood, earthquake, or other natural or manmade causes, and in order to ensure that preparations of this state will be adequate to deal with such emergencies or disasters, and in order to detect, prevent, prepare for, investigate, respond to, or recover from these events, and generally to preserve the lives and property of the people of the state of Louisiana,. . . .
La.Rev.Stat. 29:722 A. The EOP was developed pursuant to this Act. La.Rev.Stat. 29:726. A provision for immunity from negligence was also incorporated into the Act. La.Rev.Stat. 29:735 A(1) provides:
Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death *908 of or any injury to persons or damage to property as a result of such activity.
It is clear from the language of the statute that the state and its political subdivisions and agencies are entitled to total immunity. Liability on the part of directors and/or heads and other employees of these political subdivisions or agencies can only be found in cases of willful misconduct. See Castille v. Lafayette City-Parish Consolidated Gov't, 04-1569 (La.App. 3 Cir. 03/02/05), 896 So.2d 1261.
The defendants argue that the allegations of Mr. Freeman's petition sound in general negligence and, therefore, they are immune from civil liability. They argue that while Mr. Freeman's petition is replete with inflammatory characterizations, such statements do not substitute for well-pleaded facts. The petitions assert in conclusory fashion that all of the defendants are liable for their own unspecified conduct and that of their agents. However, the petitions do not contain any facts to prove willful misconduct by any defendant.
After a de novo review of the record, we agree with the trial court that Mr. Freeman has failed to state a cause of action for willful misconduct against any of the named defendants. Plaintiff's petitions do not allege any specific acts by any named defendant that would rise to the level of willful misconduct. Rather, the petitions name the players, describe what their respective responsibilities are under the Emergency Operations Plan, and allege that these parties failed to perform their duties. These allegations may state a cause of action for negligence, but the immunity statute allows a finding of liability only upon a showing of willful misconduct.
In reaching our decision, we have also considered whether Mr. Freeman should have been allowed to amend his petition for a third time. We take judicial notice of the abundance of literature generated by both government and private entities on the subject of sufficient preparedness for and response to Hurricane Katrina, and find this literature sufficiently provided plaintiff the opportunity to discover the facts necessary to maintain his cause of action for willful misconduct. Therefore, we find that further discovery is not warranted to allow plaintiff to make subsequent amendments to the petition.
B. Motion for New Trial
Mr. Freeman also argues on appeal that the trial court erred in denying his motion for new trial. In support of his motion, he incorporates by reference the exhibits attached to his memorandum in opposition to the exceptions. As stated above, only the legal sufficiency of the petition is to be considered when ruling on an exception of no cause of action.
Louisiana Code of Civil Procedure art. 1972 provides that a new trial shall be granted in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
None of these conditions exists. Thus, the trial court did not err by denying Mr. Freeman's motion for a new trial.
Accordingly, for the reasons set forth above, we affirm the judgment of the trial court in its entirety.
AFFIRMED.
JONES, J., Dissents with Reasons.
*909 JONES, J., dissenting.
I respectfully dissent from the opinion of the majority. In deciding whether to sustain an exception of no cause of action, a district court accepts the facts alleged in the plaintiffs' petition without reference to any extraneous supporting or controverting evidence and determines whether the law affords any relief to the plaintiff if those facts are proved at trial. Bibbins v. City of New Orleans, XXXX-XXXX, pp. 2-3 (La.App. 4 Cir. 5/21/03), 848 So.2d 686, 689-690. I believe that the Appellant, Herbert Freeman, Jr., set forth the facts necessary to state a cause of action against the Appellees.
Furthermore, I find that a discussion of the applicability of the defense of sovereign immunity is not necessary at this juncture.