JAMES F. McKAY III, Judge.
| Jn this action for personal injury due to an alleged toxic exposure, the plaintiff, Brian Kelly, appeals the granting of summary judgment in favor of the defendant, AME Janitorial Services Company. We affirm.
FACTS AND PROCEDURAL HISTORY
On November 6, 2003, Brian Kelly was employed as a security counselor for the Orleans Parish School Board. His duties included enforcing the state and city laws as well as protecting the students and staffs of the schools.
On the morning of November 6, 2003, Mr. Kelly was dispatched to F.W. Gregory Jr. High School on a medical call because some teachers became sick due to some type of chemical exposure. Upon his arrival, Mr. Kelly entered the school office and noticed crushed mothballs in several locations. At the time of this incident, AME had a contract with the school board to train and supervise school board custodial personnel. However, there is no evidence to indicate that AME directed or authorized the use of mothballs by the school board employees.
12Later that evening, Mr. Kelly began to feel ill and presented to the emergency room at Methodist Hospital. Mr. Kelly was diagnosed with Bronchiolitis Obliter-ans Organizing Pneumonia (BOOP), a chronic lung condition. His medical records indicate that he was suffering from an active lung disease prior to any exposure at F.W. Gregory.
Mr. Kelly filed suit against AME alleging that AME failed to maintain the subject premises in a safe and reasonable manner and inappropriately applied a chemical compound not intended for a school environment. Thereafter, Mr. Kelly amended his petition to allege that his exposure to “mothball fumes and/or toxic *360 mold” aggravated is “underlying pulmonary disease.” On December 4, 2008, AME filed a motion for summary judgment seeking the dismissal of Mr. Kelly’s claims against AME, with prejudice, because Mr. Kelly would not be able to meet his burden of proof at trial that his illness is causally related to his alleged mothball exposure at F.W. Gregory. The discovery cut-off date was December 31, 2008. AME’s motion for summary judgment came for hearing before the trial court on March 27, 2009. At the conclusion of the hearing, the trial court granted AME’s motion finding that Mr. Kelly had no evidence to demonstrate “more probable than not” that his lung condition was caused by his alleged mothball exposure.
On April 16, 2009, Mr. Kelly filed a motion for new trial and/or reconsideration asking the trial court to reconsider its granting of AME’s motion for summary judgment. On April 21, 2009, the trial court denied Mr. Kelly’s motion for new trial and/or reconsideration finding that he “failed to raise any new tissues for consideration.” Mr. Kelly now appeals the trial court’s granting of AME’s motion for summary judgment.
DISCUSSION
On appeal, Mr. Kelly raises the following assignments of error: 1) the trial court erred when it failed to apply the legal presumption of causation as set forth in Housley v. Cerise[1]; and 2) the trial court erred when it granted defendant’s motion for summary judgment when there remained disputed issues of material fact regarding medical causation.

Housley Presumption

A plaintiff may be assisted in meeting his burden of proof that an injury is causally related to an accident by a legal presumption that was articulated by the Louisiana Supreme Court in Housley v. Cerise, 579 So.2d 973 (La.1991). The Housley Court, quoting from the earlier case of Lucas v. Insurance Company of North America, 342 So.2d 591, 596 (La.1977), stated:
[a] claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.
579 So.2d at 980.
In Juneau v. Strawmyer, 94-0903 (La.App. 4 Cir. 12/15/94), 647 So.2d 1294, this Court held that in order for a plaintiff to benefit from the Housley presumption of causation, three (3) things must be established by a preponderance |4of the evidence. First, the plaintiff must prove that he was in good health prior to the accident allegedly causing the plaintiffs injury. Second, the plaintiff must show that subsequent to the accident, symptoms of the alleged injury appeared and continuously manifested themselves after the accident. Third, the plaintiff must demonstrate through medical evidence, circumstantial evidence, or common knowledge that there was a reasonable possibility of causation between the accident and the alleged injury. Id. at 1299.
In the instant case, Mr. Kelly has not presented sufficient evidence to demonstrate by a preponderance of the evidence that his current lung condition was more probable than not caused by his alleged exposure at F.W. Gregory. Fur *361 thermore, Mr. Kelly was not in “good health” at the time of his alleged mothball exposure at F.W. Gregory in that he had already been diagnosed with a prior active lung disease. Because Mr. Kelly cannot prove by a preponderance of the evidence these requisite elements, he is not entitled to a Housley presumption.

Summary Judgment

Appellate courts review grants of summary judgment de viovo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, i.e., whether there is a genuine of material fact and whether the mover is entitled to judgment as a matter of law. Ocean Energy, Inc. v. Plaquemines Parish Gov’t, 2004-0066 (La.7/6/04), 880 So.2d 1. Under Louisiana law, where the party seeking summary judgment will not bear the burden of proof upon a particular element of a claim or cause of a action, that party need not disprove that element in order to obtain summary judgment. Instead, the movant’s entitlement to summary judgment is established upon its pointing out to the court that “there is an absence of factual support for one of more elements Inessential to the adverse party’s claim.” La. C.C.P. art. 966(C)(2); Racine v. Moon’s Towing, 2001-2837 (La.5/14/02), 817 So.2d 21. In defending against a well-taken motion for summary judgment, the plaintiff may not rely upon the allegations contained in his pleadings, simply speculate or otherwise posit the hypothetical existence of a genuine issue of material fact. La. C.C.P. art. 967(B). Where the plaintiff attempts to defeat summary judgment in such ways, or otherwise fails to come forward with admissible evidence setting “forth specific facts showing that there' is a genuine issue for trial,” summary judgment should be granted. La. C.C.P. art 967(B); Garsee v. Bowie, 37,444 (La.App. 2 Cir. 8/20/03), 852 So.2d 1156.
In the instant case, Mr. Kelly has failed to show that there is any genuine issue of material fact or that AME was not entitled to judgment as a matter of law. Accordingly, the trial court appropriately granted summary judgment in favor of AME.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED
JONES, J., dissents with reasons.

. 579 So.2d 973 (La.1991).