# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-638

ELDA B. FORTNER, ETC., ET AL.

VERSUS

QUINCY M. LEWIS, ET AL.

**********

ON WRIT OF CERTIORARI FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, DOCKET NO. C-14-15
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

## JOHN E. CONERY
## JUDGE

**********

Court composed of Billy H. Ezell, Shannon J. Gremillion, John E. Conery, Van H. Kyzar, and Jonathan W. Perry, Judges.

**EZELL, J., dissents.**

**WRIT GRANTED AND MADE PEREMPTORY. SUMMARY JUDGMENT GRANTED IN FAVOR OF THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT. CASE DISMISSED.**

**Jeff Landry**
**Attorney General**
**Donald Guidry**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Litigation Division**
**556 Jefferson Street, 4th Floor**
**Lafayette, Louisiana 70501**
**337-262-1700**
**COUNSEL FOR DEFENDANT - RELATOR:**
    **State of Louisiana, through the Department of Transportation and Development**

**Hunter W. Lundy**
**Jackey W. South**
**T. Houston Middleton, IV**
**Lundy, Lundy, Soileau & South, L.L.P.**
**Post Office Box 3010**
**Lake Charles, Louisiana 70602-3010**
**337-439-0707**
**COUNSEL FOR PLAINTIFFS - RESPONDENTS:**
    **Elda B. Fortner, Individually and on Behalf of the Estate of Donald Fortner; Heather Fortner Kasak; Joshua W. Fortner; Christopher A. Fortner; and Matthew C. Fortner**

**CONERY, Judge.**

Relator, Louisiana Department of Transportation and Development (DOTD), seeks supervisory writs from the judgment of the Thirty-First Judicial District Court, the Parish of Jefferson Davis, the Honorable Steve Gunnell, presiding, which denied Relator's motion for summary judgment based on the immunity granted to DOTD pursuant to the provisions of the Louisiana Homeland Security and Emergency Assistance and Disaster Act (LHSEADA), La.R.S. 29:735. For the following reasons, DOTD's writ application is granted.

## FACTS AND PROCEDURAL HISTORY

This case involves a fatal automobile accident which occurred at approximately five o'clock on the morning of January 24, 2014. The National Weather Service issued weather advisories and freeze warnings due to the likelihood of a major ice storm affecting the roadways in Jefferson Davis Parish. Governor Bobby Jindal declared a State of Emergency later the same day. In his affidavit in support of DOTD's summary judgment motion, Mr. Donald L. Duberville, Assistant District Administrator of Operations for the State of Louisiana, DOTD District 7, which includes Jefferson Davis Parish, attested that he oversaw the emergency preparedness activities in Jefferson Davis Parish prior to the storm. In accordance with DOTD's Operations Plan (OPLAN) 13-01, Winter Response, Phase III-Operations, in the early morning hours of January 24, 2014, the DOTD dispatched personnel to spray potassium acetate on Interstate 10 cattle crossing at Milepost 62 in Jefferson Davis Parish in order to melt the ice accumulating on the roadway. The affidavit of Mr. Damon Lee Cooler, a DOTD engineer, stated that the roadway at issue was sprayed at 12:10 a.m. and 1:43 a.m.

At approximately five o'clock a.m., Mr. Donald Fortner was traveling on the portion of Interstate 10 at issue when, allegedly due to the icy roadway, he lost

control of his vehicle and moved into the adjacent westbound lane of travel. His vehicle was struck on the driver's side by an eighteen wheeler driven by Mr. Quincy M. Lewis, who was accelerating to pass Mr. Fortner's vehicle. Mr. Fortner died as a result of the accident.

Mr. Fortner's wife, Mrs. Elda B. Fortner, filed suit individually and on behalf of the Estate of Donald Fortner, along with their four adult children, against DOTD, Mr. Lewis, his employer B.E. Delivery, and its insurer, Hallmark Specialty Underwriter, Inc. (Hallmark), Mr. Lewis, B.E. Delivery and Hallmark settled with respondents and were dismissed from the litigation. DOTD, the only remaining defendant, filed a motion for summary judgment based on immunity pursuant to LHSEADA, La.R.S. 29:735.

Following a hearing on July 3, 2018, the trial court denied DOTD's motion for summary judgement on the basis that there was a genuine issue of fact as to whether DOTD was entitled to immunity pursuant to La.R.S. 29:735. Respondents claimed DOTD's actions in addressing the icing conditions on Interstate 10 were prior to the actual signing of the Declaration of a State of Emergency by the Governor later in the day. The trial court ruled that there were questions of fact as to when the Governor signed the State of Emergency, and whether the immunity statute applied. The DOTD requested written reasons, which were issued by the trial court on July 16, 2018. The judgment was signed on the same date by the trial court. A timely request for supervisory relief was filed by DOTD on August 15, 2018.

## SUPERVISORY RELIEF

Since the denial of a motion for summary judgment is an interlocutory ruling from which no appeal may be taken, the only practical remedy available to avoid a possible trial on the merits is to request that the appellate court exercise its

supervisory jurisdiction to review the propriety of the trial court's ruling. *Louviere v. Byers*, 526 So.2d 1253 (La.App. 3 Cir.), *writ denied*, 528 So.2d 153 (La.1988.)

On November 27, 2018 a writ was granted in this case pursuant to La.Code Civ.P. art. 966(H). We ordered this case assigned for briefing and possible oral argument.[1] This court required that DOTD submit any additional briefing by December 11, 2018, and that respondents were to file any additional briefing by December 18, 2018. The parties were to notify this court no later than December 11, 2018, if oral argument was requested. No additional briefing or request for oral argument was timely filed by either party. Therefore, DOTD's request for supervisory relief is in the proper posture for decision by this court.

## STANDARD OF REVIEW

Appellate courts review the grant or denial of a motion for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, p. 4 (La. 2/26/08), 977 So.2d 880, 882-83; La.Code Civ.P. art. 966(A)(3). "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P art. 966(A)(4).

The immunity defense pursuant to La.R.S. 29:735 is an affirmative defense. *Rogers v. State ex rel. Dep't of Public Safety & Corr.*, 07-1060 (La.App. 3 Cir. 1/30/08), 974 So.2d 919, *writ denied*, 08-504 (La. 4/25/08), 978 So.2d 367.

---

[1] Louisiana Code of Civil Procedure Article 966(H) provides: "On review, an appellate court shall not reverse a trial court's denial of a motion for summary judgment and grant a summary judgment dismissing a case for a party without assigning the case for briefing and permitting the parties an opportunity to request oral argument."

Accordingly, the burden of proof as to the application of an affirmative defense lies with DOTD to prove that the immunity under LHSEADA entitles it to summary judgment. La.Code Civ.P. art. 966(D). Additionally, immunity statutes are strictly construed against the party claiming the immunity. *Banks v. Par. of Jefferson*, 08-27 (La.App. 5 Cir. 6/19/08), 990 So.2d 26, *writ denied*, 08-1625 (La. 10/24/08), 992 So.2d 1043.

## LAW AND DISCUSSION

DOTD argues that the LHSEADA, La.R.S. 29:735, and the definitions provided in La.R.S. 29:723 entitle DOTD to immunity for the accident involving Mr. Fortner.

Louisiana Revised Statutes 29:735(A)(1) (emphasis ours) provides:

Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and **emergency preparedness activities**, while complying **with or attempting to comply with this Chapter** or any rule or regulation promulgated pursuant to the provisions of this Chapter **shall be liable for the death of or any injury to persons or damage to property as a result of such activity**.

The statute has no requirement that a State of Emergency must be declared by the Governor before immunity applies. Louisiana Revised Statutes 29:723(4) defines "emergency preparedness" as "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." Further, this portion of the statute indicates that "[t]he term 'emergency preparedness' shall be synonymous with 'civil defense', 'emergency management', and other related programs of similar name." *Id.*

Louisiana Revised Statutes 29:723(2) (emphasis ours) defines a "disaster" in pertinent part as "the result of a natural or man-made event which causes loss of life, injury, and property damage, including, but not limited to natural disasters

such as hurricane, tornado, storm, flood, high winds, and **other weather related events**…" Louisiana Revised Statutes 29:723(3)(a) defines an "Emergency" as "[t]he actual or threatened condition which has been or may be created by a disaster[.]"

*Application of La.R.S. 29:735 And La.R.S. 29:723*

Louisiana Revised Statutes 1:3 provides, with respect to the interpretation of a statute, as follows:

> Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

Louisiana Civil Code Article 9 provides, "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."

The uncontested information presented to the trial court by DOTD in the form of documentation and affidavits, coupled with the language of the LHSEADA, La.R.S. 29:735, as well as the definitions contained in La.R.S. 29:723, all demonstrate DOTD's actions in spraying Interstate 10 with potassium acetate in order to melt the ice accumulating on the roadway were the result of "emergency preparedness activities" contemplated in La.R.S. 29:735, and defined in La.R.S. 29:723(4) as "mitigation of, preparation for, [and] response to … disasters." "Emergency," as defined in La.R.S. 29:723(3)(a) means, "[t]he actual or threatened condition which has been or may be created by a disaster." A "Disaster" is defined in La.R.S. 29:723(2) as a "natural … event which causes loss of life" including "other weather related events," such as an ice storm in south Louisiana.

5

In his affidavit Mr. Duberville, the Assistant District Administrator of Operations for DOTD District 7, attested that "The Operation Plan [OPLAN] 13-01, Winter Response[s] was created in response to the Louisiana Homeland Security and Emergency Assistance and Disaster Act [LHSEADA] on or about November 30, 2013 and was applicable in the winter of 2014." The OPLAN "went into effect on or about November 30, 2013." We find that in making the necessary preparations, and then taking the action required by Phase III of the OPLAN, i.e. spraying Interstate 10 with potassium acetate on the morning of January 24, 2014, DOTD was acting under the auspices of La.R.S. 29:735 and its definitions in anticipation of a pending disaster.

***DOTD's Actions Prior To The Declaration Of A State Of Emergency***

Respondents oppose DOTD's motion for summary judgment on the basis that DOTD's actions preceded the signing of the Declaration of a State of Emergency by the Governor. Respondents rely on *Banks*, 990 So.2d at 32, which states, "Turning to the cases which have interpreted emergency preparedness immunity, emergency preparedness immunity pursuant to La.R.S. 29:735 has never been granted to activities performed outside of a declared state of emergency." The cases discussed by *Banks* involved hurricanes, in which the Declaration of a State of Emergency usually allows for an extended period for preparation and cleanup.

In *Castile v. Lafayette City-Par. Consol. Gov.*, 04-1569 (La.App. 3 Cir. 3/2/05), 896 So.2d 1261, *writ denied*, 05-860 (La. 5/13/05), 902 So.2d 2019, a state of emergency was declared by Governor Mike Foster after Hurricane Lili struck Lafayette on October 3, 2002. On October 5, 2002, the plaintiffs were injured in an automobile accident due to the alleged negligent placement of debris from the storm. A panel of this circuit granted immunity pursuant to La.R.S. 29:735, as the

state of emergency was still in effect at the time of the accident.

In *Clement v. Reeves*, 05-616 (La.App. 3 Cir. 6/26/06), 935 So.2d 279, a panel of this court found that the immunity of La.R.S. 29:735 did not apply to the Lafayette City-Parish for its failure to maintain an advance-turn warning sign, as the state of emergency declaration from Hurricane Lili had expired six days before the accident at issue.

In *Banks*, 990 So.2d 26, homeowners filed suit against Jefferson Parish for damage to their homes created by construction work on the Gardere Canal, which construction was intended to improve flood control. A panel of our sister circuit in *Banks* found that La.R.S. 29:735 did not apply and denied the parish immunity. The panel found there was no need for the court to "find that the statute is limited to activities which occur during a declared state of emergency." *Id*. at 34. The panel found that La.R.S. 29:735 "was intended to address actions taken pursuant to a particular emergency, not to general levee construction." *Id.* The *Banks* panel also found, "that emergency preparedness immunity applies only when the activities complained of are taken to address a discreet or specific condition or event." *Id*.

In this case, the "specific condition or event" was a winter weather advisory which began during the early morning hours of January 24, 2014 and required DOTD to immediately begin implementation of its OPLAN 13-01, Winter Response. *See id.*

**Declaration Of A State Of Emergency and Time Of Signing By Governor**

Finally, respondents argue that La.R.S. 29:735 does not allow immunity for the actions of DOTD prior to the Governor signing the Declaration of a State of Emergency. However, La.R.S. 29:735 does not contain any language requiring a formal signing of a Declaration of a State of Emergency before "emergency

preparedness activities" can commence.

Louisiana Revised Statutes 29:735 does not contain the words, "During a declared state of emergency," unlike three other portions of the immunity statute which clearly provide that a Declaration of a State of Emergency must have been signed by the Governor for immunity to attach. These include the following:

Louisiana Revised Statutes 29:735.1 (emphasis ours):

> **During a declared state of emergency** anywhere in the state, any health care provider who in good faith voluntarily renders emergency care or first aid to assist persons injured as a result of the emergency whether the aid is rendered in the area subject to the declaration of emergency or elsewhere shall not be civilly liable for causing the death of, or injury to, any person or damage to any property except in the event of gross negligence or willful misconduct.

Louisiana Revised Statutes 29:735.3(A) (emphasis ours):

> A. **During a declared state of emergency**, medical personnel, who render or fail to render emergency care, health care services, or first aid, shall not be liable for any civil damages to a person as a result of an evacuation or treatment or failed evacuation or treatment conducted in accordance with disaster medicine protocol and at the direction of military or government authorities, unless the damage or injury is caused by willful and wanton misconduct.

Louisiana Revised Statutes 29:735.3.1(A) (emphasis ours):

> A. **During a declared state of emergency**, any natural or juridical person, who gratuitously and voluntarily renders any disaster relief or recovery services in coordination with the state or its political subdivisions shall not be liable to the recipient thereof for any injury or death to a person or any damage to property resulting therefrom, except in the event of gross negligence or willful misconduct.

In *Cooley v. Acadian Ambulance*, 10-1299, pp.12-13 (La.App. 4 Cir. 5/4/11), 65 So.3d 192, 199, a panel of our sister circuit found:

> Our review of the statutory definitions of an "emergency" and "emergency preparedness", as well as our review of the relevant case law, reveals that the declaration of an emergency, though not insignificant for the purposes of executing emergency preparedness procedures, is not relevant to determining whether immunity under La.Rev.Stat. 29:735 applies. From these cases, it is clear that applying immunity was not dependent upon an official declaration of emergency, but whether an emergency situation existed, and whether

8

the defendant government was operating in a manner that promoted emergency preparedness and protection of persons and property.

We therefore do not accept respondents' argument that DOTD is not entitled to the immunity granted pursuant to La.R.S. 29:735 as soon as DOTD implemented its actual "emergency preparedness activities" which, for purposes of this decision we will assume took place prior to the signing of the Declaration of a State of Emergency by the Governor. Rather, we find that DOTD was following its emergency preparedness plan and is entitled to immunity pursuant to La.R.S. 29:735.

### CONCLUSION

We find for the foregoing reasons that although the Governor may not have signed the Declaration of a State of Emergency prior to the time DOTD began its "emergency preparedness activities" on Interstate 10, this does not bar DOTD from the immunity granted under the provisions of La.R.S. 29:735. We hereby grant the supervisory writ filed on behalf of the Department of Transportation and Development, overrule the decision of the trial court, and grant relator's motion for summary judgment dismissing the Department of Transportation and Development with prejudice at respondents' costs. All costs of this writ are likewise assessed to respondents, Elda B. Fortner, the Estate of Donald Fortner, Heather Fortner Kasak, Joshua W. Fortner, Christopher A. Fortner, and Matthew C. Fortner.

**WRIT GRANTED AND MADE PEREMPTORY. SUMMARY JUDGMENT GRANTED IN FAVOR OF THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT. CASE DISMISSED.**

9