NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**19-215 consolidated with 19-216, 19-217**

**SCOTT PRIVAT, TUTOR OBO AIDEN**

**B. COMEAUX**

**VERSUS**

**LOUISIANA DEPARTMENT OF TRANSPORTATION AND**

**DEVELOPMENT, ET AL.**

consolidated with

**VERNA JACKSON**

**VERSUS**

**LOUISIANA DEPARTMENT OF TRANSPORTATION AND**

**DEVELOPMENT, ET AL.**

consolidated with

**BLAIR COMEAUX**

**VERSUS**

**LOUISIANA DEPARTMENT OF TRANSPORTATION AND**

**DEVELOPMENT, ET AL.**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 201411148, 201510048, 201510058
HONORABLE JOHN TRAHAN, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS
JUDGE**

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Perry, J. dissents.**

**Lawrence Blake Jones**
**David C. Whitmore**
**Blake Jones Law Firm, LLC**
**701 Poydras Street, Suite 4100**
**New Orleans, LA 70139**
**(504) 525-4361**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Verna Jackson**

**Kevin Paul Merchant**
**NeunerPate**
**1001 W Pinhook Road, Suite 200**
**Lafayette, LA 70503**
**(318) 237-7000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Louisiana Dept. of Transportation & Development**
       **Cedric Williams**

**Jeremy "Jay" Suire**
**Glenn J. Armentor**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Blair Comeaux**

**Jeff Landry**
**Attorney General**
**Hoai T. Hoang**
**Lamont P. Domingue**
**Special Assistants Attorney General**
**700 St. John Street, 5th Floor**
**P. O. Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Louisiana Dept. of Transportation & Development**
     **Cedric Williams**

**Bryan J. Haydel, Jr.**
**Porteous, Hainkel & Johnson, LLP**
**301 St. Charles Street**
**Baton Rouge, LA 70802**
**(225) 383-8900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Louisiana Dept. of Transportation & Development**
     **Cedric Williams**

**Charles Brandt**
**Kyle Sherman**
**Kenneth M. Habetz, Jr.**
**Brandt & Sherman, LLP**
**111 Mercury Street**
**Lafayette, LA 70503**
**(337) 800-4000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Scott Privat, Tutor obo Aiden B. Comeaux**

**Joseph E. Ritch**
**Elliott & Ritch**
**321 Artesian Street**
**Corpus Christi, TX 78401**
**(361) 883-3000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Louisiana Dept. of Transportation & Development**
     **Cedric Williams**

**SAUNDERS, Judge.**

In this case we must decide whether the trial court's grant of summary judgment in favor of Defendants based on the emergency-preparedness immunity afforded in La.R.S. 29:735 is proper.

## FACTS AND PROCEDURAL HISTORY

Two vehicular accidents occurred in short succession in the early morning hours of January 24, 2014, on a U.S. Highway 90 overpass between Crowley and Rayne in Acadia Parish. Highway 90, including the subject overpass, was at all times relevant within the State of Louisiana Highway System and was within the responsibility of the Acadia Parish Department of Transportation and Development ("DOTD"). Prior to the time of the accidents, on the night of January 23, 2014, and extending into the early morning hours of January 24, 2014, temperatures dropped below freezing, wintry precipitation began falling, and roads began icing over across Louisiana, including Acadia Parish. In response to the winter weather that began on January 23, 2014, all DOTD personnel in Acadia Parish were dispatched that evening to engage in de-icing operations and constant roadway maintenance checks. The wintry conditions which prompted DOTD's roadway maintenance and de-icing operations ultimately led then-Governor Jindal to declare a state of emergency for the State of Louisiana by "Proclamation No. 9 BJ 2014."

At all relevant times herein, Cedric Williams ("Williams") was employed as a Mobile Heavy Equipment Operator for DOTD. On January 23, 2014, Williams worked his regular hours for DOTD until 4:30 p.m., helping load dump trucks. After he worked that day, he was told to return to work that evening to work during the winter weather event, operating a dump truck spreading an aggregate material onto DOTD-maintained roadways to help create traction on potentially icy road surfaces. At the time of the subject accidents, Williams was operating his DOTD truck

eastbound on U.S. Highway 90 at an overpass near milepost 88 between Crowley and Rayne. As he drove his DOTD truck up the bridge eastbound spreading MS-90 for ice, Williams' truck hit a patch of ice, lost traction, began to slide into the westbound lane, hit the west side of the bridge, and became immobilized near the crest of the overpass blocking the westbound lane of travel.

At that time, Verna Jackson ("Jackson") was driving a Chevrolet S-10 pickup truck on Highway 90, and she crossed the subject overpass from the westbound direction. As her truck neared the top of the overpass, Jackson's vehicle collided with Williams' DOTD truck. Williams exited his vehicle to check on Jackson. A Pontiac G6 being driven by Blair Comeaux ("Comeaux"), with Angelle Smith ("Smith") riding as the front passenger, then came up the subject overpass from the same direction that Jackson had come, and the Comeaux/Smith vehicle collided with Williams' truck. Jackson, Comeaux, and Smith were allegedly injured in the accident, and Smith later died from her injuries.

Jackson filed suit against Williams and his employer, DOTD, for injuries she allegedly sustained in the accident of January 24, 2014, involving her pickup truck and a dump truck owned by DOTD and driven by Williams.

Comeaux filed suit against Williams and DOTD for injuries he allegedly sustained in a separate accident involving his vehicle and Williams' DOTD-owned dump truck, which also occurred on January 24, 2014, shortly after Jackson's accident. Comeaux had a passenger in his vehicle at the time of that second accident, Smith, who died as a result of injuries she allegedly sustained in the accident. Scott Privat, who is the tutor of Smith's minor child, Aiden Comeaux, ("Privat") thus filed suit against Williams and DOTD on behalf of Aiden Comeaux. All three lawsuits were consolidated before the trial court.

2

After the parties conducted discovery, Williams and DOTD filed a Motion for Summary Judgment on August 3, 2018, contending that the statutory immunity found in La.R.S. 29:735 for injury or death occurring as a result of "emergency preparedness and recovery activities" provided them absolute immunity for the claims brought against them by all three plaintiffs. The motion was heard on October 15, 2018, and the trial court signed a judgment on October 29, 2018, granting summary judgment in favor of Cedric Williams and DOTD (collectively "appellees"), and dismissing all claims against them. It is from this judgment that Jackson, Comeaux, and Privat (collectively "appellants"), appeal, asserting multiple assignments of error.

### SCOTT PRIVAT, TUTOR O/B/O AIDEN B. COMEAUX, ASSIGNMENTS OF ERROR

1. The trial court erred in holding that Mr. Williams was conducting emergency preparedness activities at the time of the subject collision.

2. The trial court erred in failing to hold that Cedric Williams' activities at the time of the subject collision constituted "willful misconduct" within the meaning of La.R.S. 29:735.

3. The trial court erred in granting the defendants' motion for summary judgment and in holding that there were no genuine issues of material fact with regard to the activities of Cedric Williams at the time of the collision.

### DISCUSSION OF THE MERITS:

Appellants raise multiple assignments of error that each contend the trial court erred in granting summary judgment in favor of Appellees. The individual Appellants all adopt the arguments raised by all other Appellants. We will address the three assignments of error listed above under one heading as each assigned error is an argument for the alleged erroneous grant of summary judgment, which is analyzed using the same standard of review.

In *Dehart v. Jones*, 18-764, p. 3 (La.App. Cir. 3/27/19), 269 So.3d 801, 804, this court noted:

> An Appellate courts review motions for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. Therefore, just like the trial court, we are tasked with determining whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The immunity defense pursuant to La.R.S. 29:735 is an affirmative defense. *Rogers v. State ex rel. Dep't of Public Safety & Corr.,* 07-1060 (La.App. 3 Cir. 1/30/08), 974 So.2d 919, *writ denied*, 08-504 (La. 4/25/08), 978 So.2d 37. Accordingly, the burden of proof as to the application of an affirmative defense lies with DOTD to prove that the immunity under The Louisiana Homeland Security and Emergency Assistance and Disaster Act ("LHSEADA") entitles it to summary judgment. *See* La.Code Civ. P. art. 966(D).

DOTD argues that the LHSEADA, La.R.S. 29:735, and the definitions provided in La.R.S. 29:723 entitle DOTD to immunity for the accidents involving Verna Jackson, Blair Comeaux, and Angelle Smith. We agree.

Louisiana Revised Statutes 29:735(A)(1) provides:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness and recovery activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

In *Fortner v. Lewis*, 18-638, p. 4 (La.App. 3 Cir. 2/27/19), 266 So.3d 552, 555 (emphasis in original) this Court noted:

> [Louisiana Revised Statutes 29:735] has no requirement that a State of Emergency must be declared by the Governor before immunity applies. Louisiana Revised Statutes 29:723(4) defines "emergency preparedness"

as "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." Further, this portion of the statute indicates that "[t]he term 'emergency preparedness' shall be synonymous with 'civil defense', 'emergency management,' and other related programs of similar name." *Id.*

Louisiana Revised Statutes 29:723(2) (emphasis ours) defines a "disaster" in pertinent part as "the result of a natural or man-made event which causes loss of life, injury, and property damage, including, but not limited to natural disasters such as hurricane, tornado, storm, flood, high winds, and **other weather related events** . . ." Louisiana Revised Statutes 29:723(3)(a) defines an "Emergency" as "[t]he actual or threatened condition which has been or may be created by a disaster[.]"

**Application of La.R.S. 29:735 and La.R.S. 29:723**

Louisiana Revised Statutes 1:3 provides, with respect to the interpretation of a statute, as follows:

> Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

Louisiana Civil Code Article 9 provides, "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."

The evidence presented to the trial court by DOTD in the form of documentation and affidavits, and the facts, when examined in the context of the LHSEADA, La.R.S. 29:735, and the statutory definitions in La.R.S. 29:723, all demonstrate that on the night of January 23, 2014, and extending into the early morning hours of January 24, 2014, DOTD's de-icing operations which consisted of spreading an aggregate material onto the roadway to help create traction on potentially icy roads were the result of "emergency preparedness" contemplated in La. R.S. 29:735, and defined in La.R.S. 29:723(4) as "mitigation of, preparation for,

5

[and] response to . . . disasters." "Emergency" as defined in La.R.S. 29:723(3)(a) means: "[t]he actual or threatened condition which has been or may be created by a disaster." A "Disaster" is defined in La.R.S. 29:723(2) as a "natural or man-made event which causes loss of life, injury, and property damage, . . . including other weather-related events," such as an ice storm in south Louisiana. Accordingly, we agree with the trial court's finding that Appellees were engaged in emergency preparedness activities at the time of the subject accidents for which La.R.S. 29:735 provide immunity to state actors in the absence of "willful misconduct."

Privat argues that La.R.S. 32:368 imposes a duty upon drivers of "disabled" trucks and certain other vehicles to display warning devices during periods of law visibility when the vehicle is disabled on the traveled or shoulder portion of the highway. Louisiana Revised Statutes 32:368 provides, in pertinent part:

A. Whenever any freight carrying vehicle, passenger bus, truck tractor, trailer, semi-trailer, or any motor vehicle pulling a house trailer or other vehicle, is disabled upon the traveled portion of any highway of this state, or the shoulder thereof, at any time when lighted lamps are required on vehicles, the driver of such vehicle shall display the following warning devices upon the highway during the time the vehicle is so disabled on the highway except as provided in Subsection B of this Section:

(1) A lighted fuse, a lighted red electric lantern or a portable red emergency reflector shall be immediately placed at the traffic side of the vehicle in the direction of the nearest approaching traffic.

Privat asserts that after Williams' truck struck the bridge wall, he did not do anything to warn other motorists of the danger even though he knew it was important to stop people from coming up the bridge after the crash. Privat contends that Williams was aware of La.R.S. 32:368 which required him to put out "[a] lighted fuse, a lighted red electric lantern or a portable red emergency reflector" to warn other motorists of his disabled truck, however, Williams failed to take any action, not even putting on his hazard lights, to warn other oncoming traffic of the dangerous

6

condition he had created. Nor did he put out the reflective triangles that he knew were in his truck. Privat contends that Williams' violation of this statute constitutes negligence *per se.*

Louisiana Revised Statutes 32:368 applies to "any freight carrying vehicle, passenger bus, tractor trailer, semi-trailer, or any motor vehicle pulling a house trailer or other vehicle." To accept this factual contention as a genuine issue of material fact, we would have to find that Williams' truck fits into one of these categories, which it does not. Moreover, even if Williams violated DOTD policy by failing to warn other motorists of the hazardous condition he had created while engaged in "emergency preparedness activities," *Koonce* makes it clear that violations of internal policy in addition to technical violations of state law in the face of an emergency does not necessarily constitute "willful misconduct," such that the immunity provided in La.R.S. 29:735 is voided. *Koonce v. St. Paul Fire & Marine Ins. Co.*, 15-31, p. 3 (La.App. 3 Cir. 8/5/15), 172 So.3d 1101, 1108, *writ denied,* 15-50 (La. 11/30/15), 184 So.3d 36. Accordingly, we find that the statute does not establish a duty that is applicable to the facts presented in this case.

Privat further argues that even if Williams' activities are considered to fall within the scope of emergency preparedness activities envisioned in La.R.S. 29:735, his actions constitute "willful misconduct" thus precluding immunity under the statute.

The only exception to the LHSEADA's immunity provision with respect to agents or employees of the state or its agencies is if an employee/agent is found to have committed "willful misconduct" in the course of emergency preparedness activities.

In *Koonce*, 172 So.3d at 1104-6 (quoting *Haab v. E. Bank Consol. Special Serv. Fire Prot. Dist. of Jefferson Parish*, 13–954 p. 9 (La.App. 5 Cir. 5/28/14), 139 So.3d 1174, 1181, *writ denied sub nom. Haab v. E. Bank Consol. Special Serv. Prot. Dist. of Jefferson Parish*, 14–1581 (La.10/24/14), 151 So.3d 609) this Court noted:

> Whether a given set of conduct rises to the level of "willful misconduct" or "criminal, willful, outrageous, reckless, or flagrant misconduct" is a standard created by law to determine whether liability will result from that conduct; as such, the question of whether a given set of conduct rises to the level of "willful misconduct" or "criminal, willful, outrageous, reckless, or flagrant misconduct" is purely a question of law, and is within the province of the trial court to determine at the summary judgment stage.

"[To] constitute 'willful misconduct' [within the context of the LHSEADA] requires some voluntary, intentional breach of duty, which may be unlawful, dishonest, or improper, or perhaps all three, that is committed with bad intent or, at best, with wanton disregard for the consequences." *Id.* at 1105.

In *Koonce*, 172 So.3d at 1106 (quoting *Cates v. Beauregard Elec. Coop, Inc.*, 316 So.2d 907, 916 (La.App. 3 Cir. 1975), *aff'd*, 328 So.2d 367 (La.1976), *cert. denied*, 429 U.S. 833 (1976), this Court explained:

> The terms 'willful', 'wanton', and 'reckless' have been applied to that degree of fault which lies between intent to do wrong, and the mere reasonable risk of harm involved in ordinary negligence. These terms apply to conduct which is still merely negligent, rather than intended to do harm, but which is so far from a proper state of mind that it is treated in many respects as if harm was intended . . . It is usually accompanied by a conscious indifference to consequences, amounting almost to willingness that harm should follow.

Moreover, in *Haab,* 13-954, p. 10 (La.App. 5 Cir. 5/28/14), 139 So.3d 1174, 1182, the fifth circuit concluded:

> [O]nly the most egregious conduct by agents, employees, or representatives of public agencies that exhibits an active desire to cause harm, or a callous indifference to the risk of potential harm from flagrantly bad conduct, will rise to the level of "willful misconduct" or "criminal, willful, outrageous, reckless, or flagrant misconduct" resulting in a forfeiture of all the immunity protections afforded by the

[Louisiana Homeland Security and Emergency Assistance] and the [Disaster Act and State Discretionary Immunity Statute].

Privat argues that Williams had a period of 10-15 minutes between the time of the first and the second collision during which he took no action. He did not put out a reflective triangle that he knew was in his truck, or turn on his hazard lights "flashers," or take any other action to warn oncoming traffic of the dangerous condition he had created. Privat points out that the court found and stated in its reasons for judgment that Williams was "negligent in several respects," and argues that the issue of whether this negligence rises to the level of "willful misconduct" requires a "weighing of evidence" which is within the province of the trier of fact, rather than that of the court of appeal. However, as this Court noted in *Koonce*, the issue of whether a set of material facts rises to the level of "willful misconduct" is a matter of law. *Koonce*, 172 So.3d at 1103-4. Our review of the record leads us to conclude that the degree of negligence attributed to Williams in failing to warn oncoming traffic of the dangerous condition he had created while engaged in emergency preparedness, falls short of showing bad intent or wanton disregard.

## VERNA JACKSON'S ASSIGNMENT OF ERROR

1. The trial court erred in finding that the immunity provided under La.R.S. 29:735 applies to appellees, State of Louisiana, through the Department of Transportation and Development, and Cedric Williams, as it pertains to Ms. Jackson's failure to train allegations.

In her sole assignment of error, Jackson contends that the trial court erred in failing to find that the DOTD's failure to properly train Williams over his seventeen-year employment was the type of negligence for which Appellees may claim immunity under La.R.S. 29:735. We disagree.

9

As previously stated, appellate courts review motions for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate." *Samaha,* 977 So.2d at 882.

Jackson argues that the "failure to train" claim is separate and apart from any "emergency preparedness activities" in which the State was involved in on January 24, 2014, in response to the discreet or specific condition or event to which Williams and his crew were responding.

This argument artificially separates pieces of alleged negligent activity in a temporal fashion that the statute's causal requirement does not contemplate. As discussed in the previous assignments, all that the statute requires for it to shield Appellees from liability is that any death or injury occur "as a result of" emergency preparedness activities. The only exception to the LHSEADA's immunity provision with respect to agents or employees of the state or its agencies is if an employee/agent is found to have committed "willful misconduct" in the course of emergency preparedness activities. At the time of the subject accidents, Williams was engaged in emergency preparedness activities, which resulted in the death or injury of Jackson, Comeaux, and Smith, for which Appellants have failed to show "willful misconduct." As such, Appellants have failed to demonstrate on appeal that Appellees did not meet their burden of proof, or that the exception to the immunity statute applies. Accordingly, we affirm the trial court's ruling on this issue.

## BLAIR COMEAUX'S ASSIGNMENTS OF ERROR

1. The trial court erred generally in finding that the immunity provided under La.R.S. 29:735 applies to appellees, the State of Louisiana and Cedric Williams, as it pertains to the crash involving Blair Comeaux.

2. The trial court erred in finding that no material issue of fact exists as to whether or not the injury and damages sustained by the Appellants were "as a result of" homeland security and emergency preparedness activity.

10

3.   The trial court erred in finding that no material issue of fact exists as to when the "emergency situation," for which immunity is sought, actually began, thereby further erring in failing to find that the statute is so vaguely broad that its application may lead to absurd results.

4.   The trial court erred in finding that no material fact issue exists as to whether or not Appellees' negligence prior to the arrival of winter weather actually led to and was a proximate cause of the Appellants injuries and damages.

5.   The trial court erred in finding that no material issue exists as to whether Cedric Williams initially crashing his dump truck into the side of the bridge constituted a <u>separate and severable incident</u> – a newly created hazard separate and apart from the storm – such that the precise crash which injured Appellants did not occur "while [the defendants were] complying with or attempting to comply with [the LHSEADA]."

6.   The trial court erred in finding that no material issue exists as to whether State/DOTD employees' admissions under oath regarding lack of training and equipment and that Cedric Williams violated the safety rules prove *per se* negligence on the part of the Appellees prior to the storm activities, and whether said negligence was a proximate cause of Appellants' injuries and damages.

## ASSIGNMENT OF ERROR NUMBER ONE:

In his first assignment of error, Comeaux contends that the trial court erred generally in finding that the immunity provided under La.R.S. 29:735 applies to appellees, the State of Louisiana and Cedric Williams, as it pertains to the crash involving Blair Comeaux. We disagree.

As previously stated, appellate courts review motions for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate." *Samaha*, 977 So.2d at 882.

Comeaux argues that there exists an issue of material fact as to whether the initial crash of Williams' truck against the rail of the bridge and the actions/inactions of Williams and his co-workers in response to that particular incident created a

11

hazard wholly independent, separate and apart from any emergency preparedness activities, and to which Appellees' claim of immunity would not apply.

As discussed in the previous assignments, all that the immunity statute requires for it to shield Appellees from liability is that any death or injury occur "as a result of" emergency preparedness activities. The only exception to the LHSEADA's immunity provision with respect to agents or employees of the state or its agencies is if an employee/agent is found to have committed "willful misconduct" in the course of emergency preparedness activities. At the time of the subject accidents, Appellees were engaged in emergency preparedness activities, which resulted in the death or injury of Jackson, Comeaux, and Smith, for which Appellants have failed to show "willful misconduct." Appellees have established that the two accidents in the instant suit occurred as a result of these emergency preparedness activities: had Williams not been engaged in these emergency preparedness activities, the accidents would not have occurred. As such, we find that Appellees have met their burden of proof before the trial court that summary judgment was warranted in their favor based on La.R.S. 29:735. Accordingly, we affirm the trial court's ruling on this issue.

## ASSIGNMENTS OF ERROR NUMBERS TWO, THREE, FOUR, AND FIVE:

We will address assignments of error two, three, four and five together as they attempt to create additional requirements for the immunity to apply, none of which are contained in the statute itself. Comeaux argues that there are genuine issues of material fact as to whether the injury and damages sustained by Jackson, Comeaux, and Smith were the "result of" Homeland Security and Emergency Preparedness Activity. We disagree.

12

As previously stated, appellate courts review motions for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate." *Samaha*, 977 So.2d at 882.

Comeaux contends that the trial court erred in failing to find: that DOTD's emergency preparedness activities ceased the moment that Williams' truck lost traction and struck the bridge; that striking the guardrail constituted a separate hazard for which there is no immunity; that there are genuine issues of material fact as to when the "emergency situation" actually began; and that Jackson's, Comeaux's, and Smith's injuries did not "result from" the emergency preparedness activities because striking the guardrail was not "in furtherance of" emergency preparedness activities.

As discussed in the previous assignments, an "emergency" triggers the statute that provides immunity to state agencies and their employees, provided that the state agency and the employee(s) were responding to the "emergency." The statute does not contemplate an analysis of each individual action during that time frame, except to determine whether the employee acted with "willful misconduct." All that the statute requires for the immunity to apply is that the injury or death result from the state actor being engaged in emergency preparedness activity in compliance with LHSEADA. The statute creates a causal, and not a temporal link between the alleged injury and the emergency preparedness activity. At the time of the subject accidents Appellees were engaged in emergency preparedness activities, which resulted in the death or injury of Jackson, Comeaux, and Smith, for which Appellants have failed to show "willful misconduct." As such, we find that Appellees have met their burden of proof before the trial court that summary judgment was warranted in their favor based on La.R.S. 29:735. Accordingly, we affirm the trial court's ruling on these issues.

13

**ASSIGNMENT OF ERROR NUMBER SIX:**

In his sixth assignment of error Comeaux contends that an issue of material fact exits as to whether State/DOTD employees' admissions under oath regarding lack of training and equipment, and that Williams violated the safety rules prove per se negligence on the part of Appellees prior to the storm activities. Comeaux further argues that an issue of material fact exists as to whether said negligence was a proximate cause of Jackson's, Comeaux's, and Smith's injuries and damages. We disagree.

As previously stated, appellate courts review motions for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate." *Samaha*, 977 So.2d at 882.

Comeaux argues that the dangers created by Williams' initial crash with the bridge and the additional dangers created by both DOTD and Williams' negligence in the months prior to the storm and in the minutes after the collision with the bridge constituted negligence and/or willful misconduct which can be wholly severed from emergency preparedness activities which were to take place on the evening in question.

As discussed in the previous assignments, this argument artificially separates pieces of alleged negligent activity in a temporal fashion that the statute's causal requirement does not contemplate. All that the statute requires for it to shield Appellees from liability is that any death or injury occur "as a result of" emergency preparedness activities. The only exception to the LHSEADA's immunity provision with respect to agents or employees of the state or its agencies is if an employee/agent is found to have committed "willful misconduct" in the course of emergency preparedness activities. At the time of the subject accidents, Appellees were engaged in emergency preparedness activities, which resulted in the death or

14

injury of Jackson, Comeaux, and Smith for which Appellants have failed to show "willful misconduct." As such, we find that Appellants have failed to demonstrate on appeal that Appellees did not meet their burden of proof, or that the exception to the immunity statute applies. Accordingly, we affirm the trial court's ruling on this issue.

In defending their claims against summary judgment, Appellants' burden was only to present factual support sufficient to establish the existence of a genuine issue of material fact or that Appellees were not entitled to summary judgment. La.CodeCiv.P. art. 966(D)(1). Having found that at the time of subject accidents Williams was engaged in emergency preparedness activities pursuant to a plan implemented by DOTD, in accordance with the LHSEADA, for the public's benefit, we conclude that Appellants have failed to raise any genuine issues of material fact with respect to whether Appellees are entitled to immunity. Accordingly, we affirm the trial court's grant of summary judgment in favor of Appellees, the Department of Transportation and Development and Cedric Williams.

## CONCLUSION:

After having performed a de novo review, we conclude that Appellees, Department of Transportation and Development and Cedric Williams, proved that no genuine issues of material fact remained and that they were entitled to judgment as a matter of law. An "emergency" triggers the statute that provides immunity to state agencies and their employees, provided that the state agency and the employee(s) were responding to the "emergency." The statute does not contemplate an analysis of each individual action during that time frame, except to determine whether the employee acted with "willful misconduct." Appellants, Verna Jackson, Blair Comeaux, and Scott Privat, tutor o/b/o Aiden B. Comeaux, have put forth no sworn testimony, or no other form of competent summary-judgment evidence,

15

showing that Cedric Williams committed any voluntary, intentional breach of duty with bad intent. Accordingly, we find no merit to the assertion that the summary judgment granted in favor of Appellees, The Department of Transportation and Development and Cedric Williams, was improper given the record before us.

All costs of this appeal are assessed against Verna Jackson, Blair Comeaux, and Scott Privat, tutor o/b/o Aiden B. Comeaux.

**AFFIRMED.**

**19-215 consolidated with  19-216,  19-217**

**SCOTT PRIVAT, TUTOR OBO AIDEN**

**B. COMEAUX**

**VERSUS**

**LOUISIANA DEPT. OF TRANSPORTATION &**

**DEVELOPMENT, ET AL.**

**consolidated with**

**VERNA JACKSON**

**VERSUS**

**LOUISIANA DEPT. OF TRANSPORTATION &**

**DEVELOPMENT, ET AL.**

**consolidated with**

**BLAIR COMEAUX**

**VERSUS**

**LOUISIANA DEPT. OF TRANSPORTATION &**

**DEVELOPMENT, ET AL.**

**PERRY, Judge, dissenting.**

Louisiana Revised Statutes 29:735 grants state personnel engaged in emergency preparedness activities immunity from liability for death or injury, except in cases of willful misconduct. *See Fortner v. Lewis*, 18-638 (La.App. 3 Cir. 2/27/19), 266 So.3d 552.  "Immunity statutes are strictly construed against the party claiming the immunity."  *Id*. at 555.  If the defendants establish entitlement to immunity, the burden shifts to the plaintiffs to show that there is conduct that would

exempt the defendants from the immunity. *Doyle v. Lonesome Dev., LLC*, 17-787 (La.App. 1 Cir. 7/18/18), 254 So.3d 714, *writ denied*, 18-1369 (La. 11/14/18), 256 So.3d 291.

In support of their motions for summary judgment, the defendants offered the affidavit of defendant, Cedric Williams, which declared, in relevant part, "After the vehicle being driven by Verna Jackson collided with his immobilized dump truck, he exited his vehicle to check on Verna Jackson[,]" and "After he had exited his dump truck to check on Verna Jackson, the vehicle driven by Blair Comeaux collided with his immobilized dump truck."

The plaintiffs' argue Mr. Williams' failure to warn oncoming traffic of the dangerous condition he had created while engaged in emergency preparedness exempts the defendants from immunity. In their opposition to the defendants' motions, the plaintiffs submitted Mr. Williams' deposition testimony in which he acknowledged safety equipment, such as a road reflector triangle, was aboard his DOTD-owned dump truck. Yet, he admitted that for ten to fifteen minutes after his truck became immobilized near the crest of the overpass, he did nothing to warn others that his vehicle was blocking the westbound lane of travel—even neglecting to turn on his hazard lights.

I find valid questions exist, particularly pertaining to whether Mr. Williams' acts or omissions constitute "willful misconduct," i.e., whether there was "some voluntary, intentional breach of duty, which may be unlawful, dishonest, or improper, or perhaps all three, that is **committed** with bad intent or, at best, **with wanton disregard for the consequences**." *Koonce v. St. Paul Fire & Marine Ins. Co.*, 15-31, p. 5 (La.App. 3 Cir. 8/5/15), 172 So.3d 1101, 1105, *writ denied*, 184 So.3d 36 (La. 11/30/15) (emphasis added). Therefore, I respectfully dissent from

2

the majority opinion and would reverse the trial court's grant of the summary

judgments in favor of the defendants.