# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 13-30824

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2014

Lyle W. Cayce
Clerk

JOSEPH ALFONSO, IV,

Plaintiff–Appellant,

versus

UNITED STATES OF AMERICA,

Defendant–Appellee.

———————

Appeal from the United States District Court
for the Eastern District of Louisiana

———————

Before JONES, SMITH, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Joseph Alfonso sued Louisiana national guardsmen under the Federal Tort Claims Act ("FTCA") for alleged negligence arising from post-Hurricane Katrina activities undertaken while they were in federal-pay status.[1] The FTCA permits recovery against the United States if the federal employees

---

[1] The FTCA, 28 U.S.C. § 2671, defines "employee of the government" to include members of the National Guard while engaged in duty under Title 32, and neither party disputes that the guardsmen were federal employees under this provision.

No. 13-30824

would be liable for the same conduct as private individuals under state law.[2] The Louisiana Homeland Security and Emergency Assistance and Disaster Act ("LHSEADA" or the "immunity statute"), however, grants immunity to the state and its agents if they were engaged in emergency-preparedness activities. LA. REV. STAT. § 29:735(A)(1). Finding that the guardsmen were engaged in such activities, the district court dismissed for want of subject-matter jurisdiction.

Alfonso appeals on two principal grounds. First, he claims that the guardsmen were not engaging in emergency-preparedness activities and are therefore not immune. Second, he maintains in the alternative that the immunity statute is unconstitutional under a provision of the Louisiana Constitution that prohibits the legislature from granting immunity to the state in tort suits.[3] The district court did not address the constitutional question, concluding that it was not implicated in the FTCA context.

We agree with the district court that under Louisiana law the guardsmen were engaged in emergency-preparedness activities and are therefore clothed with immunity. We disagree that the constitutional question can be avoided. Absent guiding caselaw from Louisiana, we decide that—only in this narrow circumstance—Louisiana's immunity statute is not unconstitutional as applied to the guardsmen who are put into the shoes of private individuals for purposes of the FTCA claim. For that reason, we affirm the judgment of dismissal.

---

[2] *Willoughby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1307 (2014) ("The FTCA grants a limited waiver of sovereign immunity and allows tort claims against the United States 'in the same manner and to the same extent as a private individual under like circumstances.'").

[3] Alfonso also raises federal constitutional claims and a few other state constitutional claims that we will discuss only briefly because they lack merit.

No. 13-30824

I.

"We conduct a de novo review of orders granting the Government's motion to dismiss an FTCA complaint under Rules 12(b)(1) and 12(b)(6)." *Willoughby*, 730 F.3d at 479. Disputed factual findings are reviewed for clear error. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. May 1981) (on petition for rehearing). "A district court's factual findings are clearly erroneous only if, after reviewing the record, this Court is firmly convinced that a mistake has been made. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *FEMA Trailer*, 646 F.2d at 189. (internal citation and quotation marks omitted).

II.

Approximately two-and-one-half months after Hurricane Katrina, Alfonso was driving his pickup on a highway in St. Bernard Parish when he encountered a large amount of mud and lost control of his vehicle and was ejected, sustaining injuries and property damage. He claims that the Louisiana National Guard (the "Guard") had carried truckloads of mud and dirt across the highway, resulting in the accumulation of mud.

The LHSEADA reads, in pertinent part,

Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

LA. REV. STAT. § 29:735(A)(1). The only dispute is whether the Guard was

3

conducting emergency-preparedness activities.  The LHSEADA defines "emergency preparedness" as "the mitigation of, preparation for, response to, and the recovery from emergencies or disasters." LA. REV. STAT. § 29:723(4). "The term 'emergency preparedness' shall be synonymous with 'civil defense', 'emergency management,' and other related programs of similar name." *Id*.

Relying on deposition testimony and operation orders issued to the Guard in November 2005—the month of the accident—the district court found that "the Guard was engaged in debris removal and levee repair near the site of [Alfonso's] accident" as a "direct result of Hurricane Katrina," and therefore was engaged in emergency-preparedness activity.  These would constitute activities immune from liability because the LHSEADA applies when "an emergency situation existed, and [when] the defendant government was operating in a manner that promoted emergency preparedness and protection of persons and property."[4]

Alfonso contends that this is erroneous because the Guard was working on raising levees, not repairing them, around the time of Alfonso's accident, and that does not qualify as emergency-preparedness activity.  Indeed, the immunity statute "was intended to address actions taken pursuant to a particular emergency, not to general levee construction." *Banks*, 990 So. 2d at 34. But the district court did not clearly err in finding that the Guard was engaged in debris *removal* around the time and place of Alfonso's accident in response to the emergency created by Hurricane Katrina.  Multiple orders were issued to the Guard less than two weeks before Alfonso's accident, instructing various

---

[4] *Cooley v. Acadian Ambulance*, 65 So. 3d 192, 199 (La. App. 4th Cir. 2011).  *See also Banks v. Parish of Jefferson*, 990 So. 2d 26, 34 (La. App. 5th Cir.), *writ denied*, 992 So. 2d 1043 (La. 2008) (stating that immunity applies "when the activities complained of are taken to address a discre[te] or specific condition or event").

units to "clear and grub" the nearby Arpent Canal levee and "conduct[] debris removal." The 205th Guard battalion, which Alfonso admits was at the site of his accident on the following day, received an "Emergency Preparedness" order, ten days before the accident, instructing the battalion to "[c]ontinue clearing and grubbing" debris near the accident site and to "[u]se a dozer to push trash" to one side of the highway.

The court additionally relied on testimony from Colonel Douglas Mouton of the Guard, who oversaw the post-Katrina relief efforts of the Guard's 225th Engineer Group in St. Bernard Parish. Mouton testified that for the Guard to fulfill its responsibilities of making roads accessible and mitigating potential hazards, it needed to move a "tremendous amount" of debris and dirt from nearby streets, levees, and water structures. The Deputy Director of the St. Bernard Department of Homeland Security and Emergency Preparedness also confirmed the debris removal.

Alfonso further contends that the United States does not qualify for LHSEADA immunity because his accident occurred seventy-eight days after Hurricane Katrina, creating too tenuous a "temporal connection" between the storm and his accident to qualify the Guard's activity as "emergency preparedness." The statute, however, contemplates no particular time limit, and at least one other district court has found post-Katrina activities later in time than the activities here to be covered by the act. *See Lemoine v. United States*, No. 07-8478, 2009 WL 2496561 (E.D. La. Aug. 13, 2009). The district court did not err in finding that sufficient temporal proximity existed between Hurricane Katrina and Alfonso's accident.[5] The LHSEADA therefore applies.

---

[5] Alfonso raises an additional argument that the Guard's activities do not qualify as "emergency preparedness" because they did not take place in sufficiently close geographic

No. 13-30824

Alfonso also argues that the LHSEADA is unconstitutional because it violates the state constitution, which provides, "Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property." LA. CONST. art. XII, § 10(A). Even if the statute were otherwise unconstitutional, its plain language additionally immunizes *private persons* engaged in official activities. Further, the FTCA states that liability exists "under circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (emphasis added). Therefore, Alfonso cannot recover under the FTCA against these guardsmen in federal-pay status so long as the state's immunity statute is in force with respect to individual agents of the state.

### III.

Alfonso argues that the LHSEADA violates his right to access state courts as guaranteed by Article 1, Section 22 of the Louisiana Constitution because dismissal of both his federal and state cases pursuant to LHSEADA immunity leaves him with "*no remedy* for injury to his person and property." That theory is erroneous in three respects. First, Section 22 guarantees a state citizen's right to access *state* courts, not federal district courts. Second, it is well established under Louisiana law that Section 22 does not bar the legislature from creating various areas of statutory immunity. *Crier v. Whitecloud*, 496 So. 2d 305, 309−10 (La. 1986). Third, the appeal in Alfonso's state-court case has yet to be decided.

---

proximity to his accident. Even if that argument has merit, Alfonso failed to raise it in the district court, so it is waived.

No. 13-30824

Alfonso finally contends that the LHSEADA is unconstitutional because it violates his state and federal rights to due process and equal protection because it denies him an opportunity to be heard and because it creates a "class" of persons who cannot recover for injury resulting from emergency-preparedness activity. Alfonso offers no legal support for these propositions, and we note that if they were true, any immunity statute of any sort would be unconstitutional. We therefore reject them.

The judgment of dismissal is AFFIRMED.