# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

No. 22-20360
Summary Calendar

November 10, 2022

Lyle W. Cayce
Clerk

Randall E. Rollins, and does 1-300,000,000,

*Plaintiff—Appellant*,

*versus*

The President of The United States of America; The Senate of the United States of America; The House of Representatives of the United States of America,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-cv-1427

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Randall E. Rollins, on behalf of Does 1-300,000,000, appeals the district court's dismissal of his action against Defendant-Appellees, the President of the United States of America, the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20360

Senate of the United States of America, and the House of Representatives of the United States of America. For the reasons set forth below, we AFFIRM.

## I. BACKGROUND

Randall Rollins appeals the district court's dismissal of his complaint and denial of his emergency motion for a temporary restraining order ("TRO"). The basis of Rollins's complaint and TRO is his allegation that Defendants are violating the U.S. Constitution by "fail[ing] to enforce the immigration laws" and are "unabashedly and proudly allow[ing] America to be invaded by foreign criminals on a daily basis." Rollins's TRO sought to "enjoin[] and restrain[] the President, Senate, and House of Representatives from allowing people from other countries to illegally invade the United States of America." The district court denied Rollins's motion for a TRO, and dismissed Rollins's complaint for lack of standing, holding that his interest in Defendants' compliance with immigration laws is no different from that held by the general public.[1] Rollins timely appealed.

## II. DISCUSSION

This court reviews de novo a district court's Rule 12(b)(1) dismissal for lack of standing.[2] "The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction."[3]

On appeal, Rollins asserts that the district court erred in dismissing his complaint because he alleged a sufficient factual basis to support his claim. His opening brief does not address the district court's determination that he

---

[1] *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 220-21 (1974).

[2] *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133 (5th Cir. 2009).

[3] *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014) (quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011)).

No. 22-20360

lacked standing to bring his complaint, and his reply brief dedicates two sentences to the topic. Rollins's reply brief asserts that he has standing to bring suit on behalf of himself and 300,000,000 Americans "because of the incalculable damage that this invasion is doing," and that "millions of . . . Americans[] are suffering intentional infliction of emotional distress by the spectacle of Defendants allowing America to be invaded." Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in their opening brief in order to preserve them.[4] Rollins's opening brief fails to address the district court's reason for dismissing his claim. Therefore, his argument is abandoned.[5]

Accordingly, the judgment of the district court is AFFIRMED.

---

[4] *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("This Court will not consider a claim raised for the first time in a reply brief." (citing *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989))).

[5] *Brinkmann v. Dall. Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).