# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2023

Lyle W. Cayce
Clerk

No. 22-50303

---

Eddi R. Diyenno-Messenger; Amanda L. Diyenno-Messenger,

*Plaintiffs—Appellants*,

*versus*

United States of America,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-201

---

Before Barksdale, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Eddi R. Diyenno-Messenger was injured while working as a contractor for the United States Postal Service. Messenger sued the Postal Service for his injuries. The district court found that, under Texas law, the Postal Service provided workers' compensation and was therefore immune from his claims. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50303

## FACTUAL AND PROCEDURAL BACKGROUND

The United States Postal Service ("USPS") contracted with Le-Mar Holdings, Inc., for mail transportation services in and around Austin, Texas, for the period of July 1, 2015, to June 30, 2019.

When pricing its proposal, Le-Mar included the costs of maintaining workers' compensation coverage, which USPS accepted as an allowable expense, in accordance with USPS policy to require workers' compensation insurance as part of such contracts. USPS requested proof of workers' compensation insurance. That proof was provided in an email signed by Chuck Edwards, CEO of Le-Mar and Edwards Mail Service, Inc. Edwards Mail Service, a private Texas corporation, is a wholly owned subsidiary of Le-Mar. Voluntary Petition for Non-Individuals Filing for Bankruptcy at 11, *In re Le-Mar*, No. 17-50234-RLJ, (Bankr. N.D. Tex. Sept. 17, 2017), Dkt. No. 1 ("Le-Mar Holdings, Inc. owns 100% of the equity interests of Edwards Mail Service, Inc.").[1]

In 2018, Eddi R. Diyenno-Messenger was an employee of Edwards Mail Service. In March 2018, Messenger was working as a contractor at a USPS facility when he was injured while pushing a bulk metal container. Messenger sought and received workers' compensation benefits for his injury. For the contract year 2017–2018, USPS paid Le-Mar $22,551 to be used for workers' compensation insurance premiums.

In 2021, Messenger and his spouse, to whom we will refer collectively as "Messenger," brought claims for premises liability and negligence against

---

[1] This court may take judicial notice of matters of public record. FED. R. EVID. 201; *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 688 n.9 (5th Cir. 2020).

No. 22-50303

the United States. The United States moved to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction based on Texas's "exclusive remedy" provision for "statutory employers" that have provided workers' compensation to subcontractors.

The magistrate judge entered a Report and Recommendation dismissing the suit for lack of subject-matter jurisdiction. The judge found that the federal government was Messenger's "statutory employer" under Texas law. Therefore, Messenger's "sole remedy is through the workers' compensation scheme, and the Government has not waived sovereign immunity under the" Federal Torts Claims Act, or FTCA. The judge also found no significance to the absence of a written agreement between Edward Mail Service and USPS. That was because Messenger had not cited any "law holding USPS is not entitled to statutory employer status because the workers' compensation premiums and benefits passed through another entity."

The district court rejected Messenger's objections and adopted the Report and Recommendation. Messenger timely appealed.

## DISCUSSION

"The question of whether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013) (citations omitted). When "applying Rule 12(b)(1), the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (quotation marks and citation omitted).

When addressing a dismissal of an FTCA suit for lack of subject-matter jurisdiction under Rule 12(b)(1), we review the dismissal *de novo* and disputed factual findings for clear error. *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014).

We answer one dispositive question: is USPS immune from Messenger's claims under Texas law and the FTCA?

The FTCA provides "a limited waiver of sovereign immunity and allows tort claims against the United States 'in the same manner and to the same extent as a private individual under like circumstances.'" *Willoughby*, 730 F.3d at 479 (quoting 28 U.S.C. § 2674). "[T]he Government's consent to be sued must be construed strictly in favor of the sovereign." *Id.* at 480 (quotation marks and citation omitted).

Relevant here, the Texas Workers' Compensation Act "prohibits employees from seeking common-law remedies from their employers by making workers' compensation benefits an injured employee's exclusive remedy" for tort liability; in exchange, employees receive the "guaranteed prompt payment of their medical bills and lost wages [for workplace injuries] without the time, expense, and uncertainty of proving liability under common-law theories." *TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 72–73 (Tex. 2016).

Several statutory provisions implement Texas's workers' compensation scheme. Under Section 406.123 of the Texas Labor Code:

> (a) A general contractor and a subcontractor may enter into a written agreement under which the general contractor provides workers' compensation insurance coverage to the subcontractor and the employees of the subcontractor.
>
> . . .

(e) An agreement under this section makes the general contractor the employer of the subcontractor and the subcontractor's employees only for purposes of the workers' compensation laws of this state.

Thus, an employer that "provides" workers' compensation insurance to a subcontractor is that subcontractor's "statutory employer." *See HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 350 (Tex. 2009). Under Section 408.001, workers' compensation is an employee's "exclusive remedy" against her statutory employer:

(a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

We have explained that "the United States cannot directly pay workers' compensation benefits to non-federal employees or employees of independent contractors." *Willoughby*, 730 F.3d at 480. To qualify as a statutory employer under Texas law for purposes of the FTCA, however, the United States need not directly pay for the workers' compensation benefits if it provides the benefit as an allowable expense in the contract covering the work being performed. *Id.* at 480–81 (citing *HCBeck*, 284 S.W.3d at 353). Neither party disputes that USPS's contract with Le-Mar included workers' compensation as an allowable expense.

Messenger, though, argues that USPS was not his "statutory employer" because there is no contract between the general contractor (USPS) and his employer (Edward Mail Service). Instead, there is only a contract between USPS and Le-Mar. Edwards Mail and Le-Mar, Messenger says, are distinct corporate entities, and Edwards Mail was not a d/b/a of Le-Mar. Messenger contends that the fact that Edwards Mail is a subsidiary of

No. 22-50303

Le-Mar "does not alter the fact that Le-Mar and Edwards Mail are separate corporations."

Relevant to this argument is the guidance from Texas law that a direct contracting relationship between USPS and Edwards Mail is not necessary for USPS to qualify as a statutory employer. In *HCBeck*, for example, the Supreme Court of Texas explained that "multiple tiers of subcontractors [can] qualify as statutory employers entitled to the exclusive remedy defense." *HCBeck*, 284 S.W.3d at 359.

There, "FMR Texas Ltd. (FMR) contracted with HCBeck, Ltd., to construct an office campus on FMR's property." *Id.* at 350. Through their agreement, FMR provided a workers' compensation plan in which HCBeck and all subcontractors working on their project were required to enroll. *Id.* HCBeck, in turn, subcontracted with Haley Greer, a private company. *Id.* at 351. "Charles Rice, Haley Greer's employee, was injured while working on the construction project." *Id.* The court stated that, if no insurance policy were in place, "then neither the owner [FMR] nor the general contractor [HCBeck] would qualify as a statutory employer entitled to the exclusive remedy defense." *Id.* at 357–58. It logically follows that, with FMR's insurance policy in place, *both* FMR and HCBeck qualified as statutory employers, even though FMR was not in a direct contracting relationship with Rice's employer.[2]

---

[2] Other Texas caselaw also supports that "statutory employer" status does not hinge on a direct contracting relationship. *See, e.g.*, *TIC Energy & Chem., Inc.*, 498 S.W.3d at 76 (rejecting a reading of Section 406.123 that would bar "higher-tier contractors" from "claim[ing] the [exclusive remedy] defense" and therefore indicating that "higher-tier contractors," including those not in direct contract with lower-tier subcontractors, are statutory employers); *Etie v. Walsh & Albert Co.*, 135 S.W.3d 764, 768 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding that "the statutory employer/employee relationship extends throughout all tiers of subcontractors").

The same logic applies here.  Though USPS did not contract directly with Edwards Mail, it provided for workers' compensation insurance through its contract with Le-Mar.  That is sufficient.

There is one remaining, relevant factual issue.  Though Messenger does not dispute that he received workers' compensation benefits, he does dispute whether the Le-Mar policy, funded by USPS, was the source of the benefits.  The Report and Recommendation, adopted by the district court, concluded that Messenger's workers' compensation benefits simply "passed through another entity," *i.e.*, Le-Mar, before reaching Messenger.  Therefore, Le-Mar was effectively the source of Messenger's benefits.  We see no clear error with that finding.  *See Alfonso*, 752 F.3d at 625.

In summary, USPS did "provide" workers' compensation insurance to Messenger and that insurance is his exclusive remedy under Texas law.  *See* TEX. LAB. CODE §§ 406.123, 408.001.

AFFIRMED.